UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARCHELL FELICIA GRUNDY,

    Plaintiff,                                       Civil Action No. 14-CV-11745

vs.                                                 HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS</u>**

This matter is presently before the Court on cross motions for summary judgment [docket entries 11 and 13]. Magistrate Judge Mona K. Majzoub has submitted a Report and Recommendation ("R&R") in which she recommends that plaintiff's motion be denied and that defendant's motion be granted. Plaintiff has filed objections to the R&R and defendant has responded to plaintiff's objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which timely and specific objections have been filed.

This is a social security disability case in which plaintiff claims she has been disabled since March 2011 due to fibromyalgia, depression, and anxiety (Tr. 178). She has a GED certificate (Tr. 35) and experience as a home health care worker, a "site liaison" worker, and a data entry worker (Tr. 195-98). Following a hearing at which plaintiff and a vocational expert ("VE") testified, the Administrative Law Judge ("ALJ") found that plaintiff's severe impairments are fibromyalgia, major depressive disorder, and bipolar disorder (Tr. 16). He also found that plaintiff cannot perform

her past work, but that she has the residual functional capacity ("RFC") to perform unskilled, sedentary work that involves only limited interaction with others (Tr. 18, 26). Based on the VE's testimony that hundreds of thousands of such jobs exist nationally, the ALJ concluded that plaintiff is not disabled (Tr. 27). This became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review (Tr. 1).

Having reviewed the administrative record and the ALJ's decision, the Court largely agrees with the magistrate judge's assessment of this case. Substantial evidence supports the ALJ's conclusion that plaintiff is not physically disabled by her fibromyalgia and that she is not mentally disabled by her depression and bipolar disorder. Plaintiff objects to the R&R because it rejects her argument that the ALJ contradicted himself by accepting the diagnosis of fibromyalgia but at the same time questioning the diagnosis by noting the lack of certain objective signs and symptoms. *See* Pl.'s Obj. at 2-3. The Court overrules this objection because there is no such contradiction. The ALJ found that plaintiff has fibromyalgia but noted the lack of certain signs and symptoms to support his conclusion that this impairment is not of disabling severity. Most significantly, this conclusion is supported by the opinion of plaintiff's treating physician, Dr. Floreno, who indicated that plaintiff's "chronic pain limits her on occasion and prevents her from performing her normal activities of daily living. It also may prevent her [from] working her normal work schedule" (Tr. 258). The ALJ was entitled to conclude that plaintiff's fibromyalgia pain is not of disabling severity.

Plaintiff's only other objection is that the ALJ "arrive[d] at a residual functional capacity assessment based upon his own independent analysis rather than record medical evidence." Pl.'s Obj. at 6. The Court disagrees. The ALJ went to great lengths to summarize all of the medical

2

evidence and his RFC finding, with the exception of one glaring error noted below, is adequately supported.

While the Court finds no merit in plaintiff's objections to the R&R, the matter must nonetheless be remanded for further proceedings to correct an error not mentioned in plaintiff's objections. The error lies in the ALJ's failure to make findings regarding the side effects of plaintiff's medications. Plaintiff testified that her medications make her sleepy (Tr. 39-40) and that she could not drive even if she had a driver's license because her medications make her confused and sleepy (Tr. 39). Plaintiff stated on her function report that "when I take my meds sometimes I sleep all day" (Tr. 209) and she identified sleepiness as a side effect of her medications (Tr. 214, 223). In a third party function report, plaintiff's friend indicated that plaintiff is "constantly sleepy or asleep. Even after 8 hrs of sleep she wakes for no more than two hours and is back asleep" (Tr. 184) and that plaintiff experiences sleepiness and dizziness as side effects of her medications (Tr. 190). The ALJ did not inquire into this issue, nor he did address it in his written decision except to state that "[t]here are no noted reports of drowsiness from the medications" (Tr. 20).

The record indicates that plaintiff takes, or at various times has taken, a large number of medications for her mental impairments, pain, muscle spasms, and other ailments, including Abilify, Cymbalta, Tizanidine hcl, Lorazepam, Zanaflex, Chlorzoxazone, Clarinex, Clonazepam, Meloxicam, Loratadine, Oxybutynin, Buspar, Ativan, Klonopin, and Loratadine (Tr. 180, 190, 214, 223, 244-45, 268, 274, 281, 290, 290). The known side effects of several of these medications include drowsiness, sleepiness, dizziness, and unusual tiredness. *See* http://www.drugs.com.

While the ALJ noted that plaintiff "believes her medication makes her sleepy and confused" and that plaintiff's friend "wrote the claimant's medication causes her to be 'very

3

lethargic,'" he did not question plaintiff about the nature and extent of the side effects of her medications or make any findings regarding this medically and vocationally significant issue. As a result, the ALJ omitted this aspect of plaintiff's medical condition from his RFC assessment (in violation of defendant's own regulations, *see* SSR 96–8p, 1996 WL 374184, at **2, 5 (July 2, 1996)) and from his hypothetical questions to the VE. If plaintiff is so drowsy she cannot drive a car and sometimes sleeps all day, her ability to work could be significantly affected if not ruled out altogether. And, of course, a VE's testimony cannot be used to prove the existence of work plaintiff can perform unless the testimony is given in response to a hypothetical question that "accurately portrays the claimant's physical and mental impairments." *Turner v. Comm'r of Soc. Sec.,* 381 F. App'x 488, 493 (6th Cir. 2010). In the present case, the ALJ's hypothetical questions to the VE did not accurately portray plaintiff because they did not include any findings regarding her medication side effects.

This case cannot be resolved on this undeveloped record. On remand, the ALJ must (1) determine which medications plaintiff has taken during the relevant time period, (2) make findings as to the nature and extent of these medications' side effects and adjust his findings as appropriate regarding plaintiff's RFC, and (3) incorporate these findings in proper hypothetical questions to the VE to determine whether work exists in significant numbers that can be performed by a person such as plaintiff who experiences such side effects. Accordingly,

IT IS ORDERED that the magistrate judge's R&R is rejected.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is

denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is hereby remanded for further proceedings to correct the error noted above. This is a "sentence four" remand under 42 U.S.C. § 405(g).


Dated:  July 14, 2015  
     Detroit, Michigan

_s/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE